UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Plaintiff,<br>    v.<br><br>MAGGIE MILLER-STOUT,<br><br>    Defendant. | Case No.  C06-5422RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**DECEMBER 29, 2006** |

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The Court has screened this complaint and recommends the complaint be dismissed prior to service.  Plaintiff admits in the complaint that he did not exhaust the issue he is trying to raise through the prison grievance process.  (Dkt. # 1). The court issued an order to show cause on August 30, 2006 asking plaintiff why he did not exhaust administrative remedies (Dkt. # 7).   That order gave plaintiff until October 6, 2006 to respond.   As of December 7, 2006 there has been no response.

      Plaintiff names the superintendent of a Washington State Department of Correction facility. He specifically indicates he did not file a grievance regarding the claims in his complaint.  (Dkt. # 1). The complaint alleges denial of access to courts because of limits on the amount of indigent mail plaintiff was allowed to send out each month.

DISCUSSION

      The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior

Report and Recommendation
Page - 1

to filing a complaint in federal court.  The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him.  The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff admits in the complaint that he has failed to exhaust available remedies prior to filing this action. (Dkt. # 1).  Accordingly, his claims against defendant Porter must be **DISMISSED WITHOUT PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 29, 2006**, as noted in the caption.

DATED this 8 day of December, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge